**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ADAM KEUNE, ET AL. | ) | |
| | ) | Case No.  4:12-cv-547 |
| | ) | |
| Plaintiffs, | ) | JURY TRIAL DEMANDED |
| vs. | ) | ON ALL COUNTS |
| | ) | |
| MERCK & CO., INC., ET AL.[1] | ) | |
| | ) | |
| | ) | |
| Defendants. | | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEVER**

Plaintiffs have sought to improperly join in one lawsuit the claims of *fifty-four* different

people from *twenty-three* different states and the District of Columbia who allege that they each

experienced personal injuries as a result of using PROPECIA® ("Propecia") or PROSCAR®

("Proscar"). (Pet. ¶¶ 56-117.)  As is set forth below, Plaintiffs used different medications

prescribed by different doctors for different periods of time – and allege different injuries as a

result of taking these medications.  As dozens of courts have recognized in similar circumstances,

such claims do not arise out of the same transaction or occurrence under Rule 20 of the Federal

Rules of Civil Procedure – and therefore cannot be joined in one suit.  Accordingly, the Court

should sever Plaintiffs' claims.

**BACKGROUND**

This action was brought by fifty-four (54) Plaintiffs from twenty-three (23) states and the

District of Columbia against Merck & Co., Inc. and Merck Sharp & Dohme Corp. (incorrectly

named "Merck Harpe & The Dohme Cororation" in Plaintiffs' Petition) (collectively referred to

---

[1]      The caption of Plaintiffs' Petition incorrectly names Defendant Merck Sharp & Dohme Corp. as "Merck Harpe & The Dohme Cororation."

herein as "Merck").  Plaintiffs alleged that they suffered various injuries as a result of using Propecia or Proscar and bring various product liability claims based on their alleged injuries. Nowhere, however, do Plaintiffs identify (1) the specific product that a particular Plaintiff used or (2) the specific injury or injuries from which a particular Plaintiff suffers or has suffered as a result of that use.   Instead, forty-seven (47) Plaintiffs vaguely allege injuries resulting from "adverse side effects, including but not limited to, sexual dysfunction and cognitive impairment." (Pet. ¶ 77.) The remaining seven (7) Plaintiffs allege, equally vaguely, that they "have been caused, presently and in the future, to suffer the loss of her [sic] spouse's companionship, services, society." (*Id.* ¶ 116.)

According to Plaintiffs, Merck concealed "the true character, quality, and nature" of Propecia and Proscar. (*Id.* ¶ 79.)  Plaintiffs further allege that Propecia and Proscar were defectively designed.  (*See, e.g., id.*  ¶¶  66, 83.)  Plaintiffs claim to have suffered "sexual dysfunction and cognitive impairment." (*Id.* ¶¶ 76-77.)  Plaintiffs further claim that they have suffered "significant pain and suffering" and "severe emotional distress" and [that] their quality of life has been severely diminished" as a result of using Propecia or Proscar. (*Id.* ¶ 77, 113.)

## <u>ARGUMENT</u>

Federal Rule of Civil Procedure 20(a) imposes two explicit requirements for joinder of parties:  (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) some common questions of law or fact must be present with respect to all parties in the action.  *See Alday v. Organon United States, Inc.*, No. 4:09cv1415, 2009 WL 3531802, at *1 (E.D. Mo. Oct. 27, 2009).  In order to satisfy Rule 20's "same transaction or occurrence" requirement, plaintiffs must establish that they "each [are] stating a claim against the defendant

that can be said to have arisen from the same basic set of facts." *Simmons v. Wyeth Labs.*, Nos. CIV.A.96-CV-6631, CIV.A.96-CV-6686, CIV.A.96-CV-6728, CIV.A.96-CV-6730, 1996 WL 617492, at *3 (E.D. Pa. Oct. 24, 1996); *see also Boschert v. Pfizer, Inc.*, No. 4:08-CV-1714 CAS, 2009 WL 1383183, at *3 (E.D. Mo. May 14, 2009) (plaintiffs must show that a sufficient "transactional link" exists between each of the plaintiffs' claims) (internal quotation marks and citation omitted).  Where – as here – plaintiffs fail to satisfy that requirement, Federal Rule of Civil Procedure 21 provides that the court "[o]n motion or on its own . . . may . . . add or drop a party" or "sever any claim against a party."  Fed. R. Civ. P. 21.

Consistent with these rules, federal courts routinely sever multi-plaintiff actions like this one that are brought against prescription drug and medical device manufacturers.  *See, e.g.*, *Boschert*, 2009 WL 1383183, at *5; *Cumba v. Merck & Co*., Civil Action No. 08-CV-2328 (DMC), 2009 WL 1351462, at *1 (D.N.J. May 12, 2009) (granting motion to sever the claims of 49 personal-injury plaintiffs who allegedly "took the drug Vytorin and . . . [allegedly] sustained broadly similar injuries as a result thereof" because their claims were based on disparate facts); *see also Adams v. I-Flow Corp.*, No. CV09-09550 R(SSx), 2010 WL 1339948, at *8 (C.D. Cal. Mar. 30, 2010) (severing claims of 141 plaintiffs in suit involving allegedly defective pain pumps and anesthetics where "plaintiffs underwent separate shoulder surgeries that were performed at different times over the span of a ten [] year period"); *Stinnette v. Medtronic, Inc.*, Civil Action No. H-09-03854, 2010 WL 767558, at *3 (S.D. Tex. Mar. 3, 2010) (severing claims in light of the "multitude of cases around the country [that] have held that plaintiffs were not properly joined when the only common link among them was a defective drug or medical device"); *Warner v. Stryker Corp.*, Civ. No. 08-6368-AA, 2009 WL 1773170, at *1-2 (D. Or. June 22, 2009) (severing claims and rejecting argument that "a common theory of liability

renders plaintiffs' claims 'arising out of' the same transaction, occurrence or series of transactions, particularly given that non-Oregon plaintiffs received individualized medical care in vastly different geographical regions"); *In re Baycol Prods. Liab. Litig.*, MDL No. 1431, 2002 WL 32155269, at *2 (D. Minn. July 5, 2002) (rejecting joinder of 50 plaintiffs who were allegedly injured by the drug Baycol because "[t]he fact that defendants' conduct is common to all of plaintiffs' claims and that the legal issues of duty, breach of duty and proximate cause and resulting harm are common do not satisfy Rule 20's requirements"); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 146-48 (S.D.N.Y. 2001) (severing plaintiffs' claims because they did "not allege that they received Rezulin from the same source or that they were exposed to Rezulin for similar periods of time"); *In re Diet Drugs*, 294 F. Supp. 2d 667, 678 (E.D. Pa. 2003) (finding misjoinder because, *inter alia*, "plaintiffs allege only that they took Redux, Pondimin and/or phentermine – not necessarily the same combination of drugs or for the same amount of time"); *In re Diet Drugs*, No. Civ. A. 98-20478, 1999 WL 554584, at *4 (E.D. Pa. July 16, 1999) ("[t]he claims of plaintiffs who have not purchased or received diet drugs from an ***identical*** source, such as a physician, hospital or diet center, do not satisfy the transaction or occurrence requirement") (emphasis added); *Simmons*, 1996 WL 617492, at *4 (severing plaintiffs' claims where they did not allege that they "received identical information from the defendants through identical means or sources at the same point in time"); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, MDL No. 1014, 1995 WL 428683, at *2, *6 (E.D. Pa. July 17, 1995) (concluding that joinder of multiple plaintiffs did not conform to Rule 20's "transaction or occurrence" requirement where plaintiffs had unique histories, went to different doctors, at different facilities, for different reasons); *cf. Sanchez v. O'Connell*, Civil No. 3:08cv706 (JBA), 2010 WL 7862797, at *2 (D. Conn. Sept. 27, 2010) (analogizing civil rights case to "pharmacology product-liability

cases, in which courts have repeatedly held that the similar injuries allegedly caused by the same drug-defect but occurring at different times do not satisfy Rule 20(a)'s transaction or occurrence requirement").

In *Boschert*, 2009 WL 1383183, at *4-5, for example, the court granted defendant Pfizer's motion to sever the claims of four plaintiffs who were allegedly injured as a result of using the smoking-cessation drug Chantix.  There, plaintiffs from four different states – who were prescribed Chantix at different times by different doctors – brought suit based on the allegation that they had all suffered "mental or behavioral side-effects as a result of taking" the drug. 2009 WL 1383183, at *1.  Pfizer argued that the plaintiffs' claims should be severed because they were improperly joined under Rule 20 and the court agreed, holding that "the mere fact [that] the four plaintiffs took Chantix at some point in time and suffered some sort of mental or behavioral side-effect is not enough of a logical or factual connection to satisfy the same transaction or occurrence requirement."  2009 WL 1383183, at *3.  "While all four plaintiffs allege they ingested Chantix," the court explained, "the prescriptions were provided through different health care providers, and the drug was taken at different times for various durations"; and while "[p]laintiffs all allege mental and behavioral side-effects as a result of taking Chantix . . . their alleged symptoms are not the same and their medical histories appear to have varied greatly." *Id.*  Accordingly, the court held that the plaintiffs' claims should be severed and all but one of the plaintiffs should be dismissed from the case.  The three dismissed plaintiffs were permitted to refile their claims separately in the courts of their choosing.  2009 WL 1383183, at *4.[2]

---

[2]       *See also Alday*, 2009 WL 3531802, at *1 (dismissing claims of non-resident plaintiffs alleging that they sustained injuries as a result of using the prescription contraceptive NuvaRing because their claims were not properly joined to the one resident plaintiff ; "[e]ach Plaintiff was injured at different times in different states

*(cont'd)*

Similarly, in *Cumba*, the court granted defendants' motion to sever the claims of 49 plaintiffs who allegedly suffered personal injuries as a result of taking the drug Vytorin. 2009 WL 1351462, at *1. The court found that the plaintiffs' claims were highly disparate and, thus, did not conform to the requirements of Rule 20(a). *Id.* In so ruling, the court noted that "[t]he majority of courts to address joinder in the context of drug liability cases have found that basing joinder merely on the fact that the plaintiffs ingested the same drug and sustained injuries as a result thereof is insufficient to satisfy Rule 20(a)'s 'same transaction' requirement." *Id.* (citations omitted). According to the court, plaintiffs' claims involved "different people with different medical histories who separately took a drug prescribed by different physicians under different circumstances, probably for different periods of time and at different points in time." *Id.* As a result, the court concluded, plaintiffs' claims did not arise from the "same transaction or occurrence" and severance was proper under Rule 21. *Id.*

This case is no different. Although each Plaintiff allegedly suffered some injury as a result of using Propecia or Proscar, (Pet. ¶¶ 56-117), all of the specific facts underlying Plaintiffs' claims will necessarily vary. Nowhere in Plaintiffs' petition do they allege that they used the same, or even similar, dosages of Propecia or Proscar. Nor have Plaintiffs alleged that they were prescribed their drugs by the same doctor (a virtual impossibility since they reside in twenty-three (23) different states and the District of Columbia) – or that they took the drugs for the same period of time. Indeed, Plaintiffs expressly allege that they used Propecia or Proscar during *different* periods of time. (*Compare, e.g., id.* ¶ 32 (1998-2005), *with id.* ¶ 38 (2006-2010).) Plaintiffs also fail to allege that they have similar medical histories or that they suffered the same

_____
*(cont'd from previous page)*
allegedly from their use of NuvaRing that was presumably prescribed by different healthcare providers" and therefore their claims should not have been joined together).

injuries.  Instead, Plaintiffs vaguely claim to have suffered "severe sexual dysfunction and cognitive impairment" or "the loss of her [sic] spouse's companionship, services, society" as a result of using Propecia or Proscar. (*Id.* ¶¶ 77, 116.)

Needless to say, there are thousands of different scenarios under which people can experience sexual dysfunction or cognitive impairment, and Plaintiffs do not even attempt to suggest that the circumstances of their injuries were at all similar.  In light of these differences, "[l]iability, causation, and damages w[ould] . . . be different with each individual plaintiff," and their claims should not have been joined in one suit.  *See Janssen Pharmaceutica, Inc. v. Armond*, 866 So. 2d 1092, 1096 (Miss. 2004) (reversing lower court's order denying pharmaceutical companies' motion for severance where fifty-six plaintiffs "ha[d] different medical histories; allege[d] different injuries at different times; ingested different amounts of Propulsid over different periods of time; [and] received different advice from [forty-two] different doctors").

In sum, the Court should not tolerate Plaintiffs' utter disregard for the requirements of Rule 20.[3]  Instead, it should sever Plaintiffs' claims and remand any cases that do not satisfy the requirements of federal diversity jurisdiction when considered individually.

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that the Court sever Plaintiffs' claims so that each Plaintiff's claims may proceed in a separate lawsuit.

---

[3]    Although Plaintiffs originally filed this case in state court, Missouri's permissive joinder standard is almost identical to Federal Rule of Civil Procedure 20, and Plaintiffs' claims fail the requirements of that rule as well.  *See Brown v. Walgreens Co.*, No. 1022-CC00765, slip op. at 4 (Mo. Cir. Ct. St. Louis Nov. 15, 2010) (attached as Ex. 1) (granting defendants' motion to sever under Missouri law because "[e]ach Plaintiff has his or her own individual combination of facts and evidence surrounding his or her ingestion of different medications" and recognizing that "[t]he fact that all Plaintiffs ingested Reglan or its generic equivalent is not sufficient to meet the 'transaction or occurrence' requirement").

7

Respectfully submitted,

BRYAN CAVE LLP

By:  /s/ Stephen G. Strauss
    Dan H. Ball, #27227MO
    dhball@bryancave.com
    Stephen G. Strauss, #45018MO
    sjstrauss@bryancave.com
    Stefan A. Mallen, #51868MO
    samallen@bryancave.com
    211 N. Broadway, Suite 3600
    St. Louis, MO 63102
    (314) 259-2000 (telephone)
    (314) 259-2020 (facsimile)

    *Attorneys for Merck Sharp*
    *& Dohme Corp.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 23, 2012, the foregoing was served via U.S. mail first-class postage prepaid and filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.


    /s/ Stephen G. Strauss

8