UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM KEUNE, et al. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | No. 4:12-cv-547   HEA |
| | ) | |
| MERCK & CO., INC., et al. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND
AND REQUEST FOR EXPEDIATED CONSIDERATION**

COME NOW Plaintiffs and in support of their Motion to Remand respectfully submit the following:

**INTRODUCTION**

The fifty-four named Plaintiffs, who are citizens of several different states, including New Jersey, filed this case in the 22nd Judicial Circuit (City of St. Louis) of the State of Missouri against Defendants, Merck & Co., Inc. and Merck, Sharp & Dohme, Corp. (collectively "Merck" or "Defendants"). Plaintiffs allege damage caused by Defendants' wrongful conduct in the development, design, testing, labeling, packaging, promoting, advertising, marketing, distributing and sale of their prescription medications containing finasteride, which were prescribed for the treatment of androgenic alopecia, known as male pattern hair loss. Defendants, New Jersey corporations with their principal places of business in New Jersey, have filed a Notice of Removal predicated on one seminal argument: the New Jersey plaintiffs are "fraudulently" joined to this case.

1

Defendants' arguments lack merit for several reasons. At the outset, this motion involves a text book case of non-diverse claimants; namely, a plaintiff from New Jersey sued a defendant from New Jersey in state court. Recognizing as much, Merck's real argument is that the New Jersey Plaintiffs were "fraudulently" added to this case merely to defeat diversity. Merck is wrong. Here, each Plaintiff has a legitimate basis for joinder of their claims; namely, they all were exposed to Defendants' products containing finasteride, they all allege the same wrongful conduct by Defendants and all suffered similar injuries.

## ARGUMENT

**A. Defendants have the burden of establishing diversity jurisdiction**

The party seeking the federal forum has the burden of pleading diversity of citizenship of the parties, *Walker v. Norwest Corp.,* 108 F.3d 158, 161 (8th Cir. 1997), and the burden of establishing diversity jurisdiction by a preponderance of the evidence. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992); *Yeldell v. Tutt,* 913 F.2d 533, 537 (8th Cir. 1997); *Russell v. New Amsterdam Cas. Co.,* 325 F.2d 996, 997 (8th Cir. 1964) "[A]ll doubts about federal jurisdiction [are resolved] in favor of remand." *Transit Cas. Co v. Certain Underwriters of Lloyd's of London,* 119 F.3d 619, 625 (8th Cir. 1997). Thus Defendants, as the party invoking removal jurisdiction, have the burden of establishing federal jurisdiction.

Defendants admit that three of the Plaintiffs are non-diverse from Defendants. Doc. #1 ¶15  Typically, the existence of a plaintiff and defendant from the same state destroys diversity. Yet, Defendants contend this Court has jurisdiction over the claims of 51 of the Plaintiffs, apparently ignoring the fact that this is a single case where all 54 claims were properly joined. Partial diversity does not vest the federal district court with diversity jurisdiction under 28 U.S.C. §1332. There must be <u>complete</u> diversity in order for jurisdiction to attach. In fact, the Supreme Court's clear and unambiguous precedent is that, "Diversity jurisdiction does not exist unless

2

*each* defendant is a citizen of a different state from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396 (1978)  In short, this case involves a claim where a New Jersey resident sued a New Jersey corporation.  This is the hallmark of a non-diverse claim.  As such, this Court ought to deny Defendants' motion.

### B. Plaintiff's Claims are Properly Joined

Recognizing their basis for removal is suspect, Defendants' sole ground for claiming diversity is based on their unsupported claim of fraudulent joinder of plaintiffs.[1]  The Eighth Circuit, evaluating a nearly identical claim, noted that, "When determining if a party has been fraudulently joined, a court considers whether there is any reasonable basis in fact or law to support a claim against a nondiverse defendant." *In re Prempro Products Liability Litigation,* 591 F.3d 613, 620 (8th Cir. 2010)  In *In re Prempro* multiple plaintiffs from different states brought suit in state court against pharmaceutical manufacturers and the plaintiffs' claims arose from transactions between pharmaceutical manufacturers and individuals who used the drugs. Id. at 623.  Like here, the *Prempro* plaintiffs alleged that they each developed a serious medical condition as a result of the manufacturer's negligence in defectively designing, testing and warning as to the dangers associated with the drug's use.  The Court in *In re Prempro* found that plaintiffs' claims were "likely to contain common questions of law and fact" and that it could not be said that plaintiffs' claims had "no real connection to each other such as that they are egregiously misjoined."  Id. at 623

> 1. *Defendants' "Different Product" argument amounts to the classic "distinction without a difference" because Proscar® and Propecia® contain the <u>identical chemical component</u> – finasteride.*

Defendants acknowledge that the Eighth Circuit's holding in *In re Prempro* is controlling law. Doc. #1 p. 7, footnote 6   Defendants attempt to differentiate between *Prempro* and the

---

[1] Defendants have not raised any claim that the joinder of Plaintiffs violates Missouri or Federal rules of procedure.

3

present case by arguing the current Plaintiffs' claims are too dissimilar to be collectively litigated. Defendants' attempt, however, to differentiate between Plaintiffs who took Propecia and those who took Proscar ignores one obvious fact: the two <u>are the same drug</u>, finasteride. Exhibits A & B  Plaintiffs' Petition clearly alleges injury as a result of ingesting finasteride and makes no other distinction. Doc. #10  ¶ 6-53  Defendants are trying to create a difference in Plaintiffs' claims when the pleadings do not contain any.  The product name Defendants placed on the various packaging of finasteride has no bearing on the allegations of Plaintiffs' claims. The two products are chemically identical.  Defendants attempt to distinguish between the two products is a red herring.  Plaintiffs are asserting the same claims for injury as a result of ingesting the same drug.

> 2. *Defendants' "different injury" argument is equally deficient given each Plaintiff in this case suffered an injury that falls within the panoply of sexual dysfunction.*

Defendants also attempt to differentiate between Plaintiffs by the type of injuries they each suffered.  Absent <u>any</u> case law supporting their assertion, Merck argues that to evade a fraudulent joinder claim the plaintiffs' injury must ostensibly be uniform.  Of course, there is no case law supporting such an assertion.  But, even assuming such a case existed, Defendants' factual representations regarding Plaintiffs' injuries is simply wrong.  The Petition only includes one allegation concerning injury and it is the same for each plaintiff. Doc. #10 ¶ 76 & 77  Here, each and every plaintiff is asserting injury to their, or their spouses, sexual and cognitive functioning as a result of ingesting finasteride.[2]  There is similarity in the injuries suffered by all Plaintiffs sufficient to warrant joinder of their claims.

---

[2] If Defendants feel this allegation is too vague, then the proper remedy is a Motion for More Definite Statement, not removal to federal court.

4

      *3. Defendants' citations of holdings in foreign jurisdictions have no legal weight and are an attempt to change the law in this federal circuit.*

Defendants know that their attempts to distinguish this case from *In re Prempro* are ineffective. So in a last ditch effort to advance their position, Defendants turn to non-controlling case law from foreign jurisdictions for the proposition that the present joinder is fraudulent. These cases are factually dissimilar and legally have no bearing on the question before this Court. The Eighth Circuit unequivocally held the <u>only issue</u> a district court should consider when determining proper joinder of Plaintiffs' claims is whether or not all plaintiffs are real parties in interest whose claims share common questions of fact or law. Given the Plaintiffs here clearly meet this nominal standard, Plaintiffs' Motion should be granted.

Defendants are not alone in their attempt to unhinge themselves from the Eighth Circuit's clear directive. Other pharmaceutical company defendants have repeatedly attempted to distinguish multi-plaintiff cases brought against them in an effort to circumvent the Eighth Circuit's holding in *In re Prempro*. In each of those other instances, the district court rejected the pharmaceutical company's argument. In fact, The United States Court for the Eastern District of Missouri has ruled on this exact same issue recently no less than four times and in each case rejected the effort to undo the Eighth Circuit's clear directive. See *Dickerson v. GlaxoSmithKline, LLC,* 4:10CV00972 AGF (7/12/10) Exhibit C; *Hall v. GlaxoSmithKline, LLC.;* 4:10-cv-00965 MLM (6/16/2010) Exhibit D; *Hudson v. GlaxoSmithKline, LLC.,* 4:10-cv-00970 TIA (7/20/10) Exhibit E; *Ballard v. Wyeth,* 2004 WL 5436353 (E.D.Mo. 2004) Exhibit F  In each and every one of those cases, a pharmaceutical company defendant tried to allege fraudulent joinder of plaintiffs, tried to distinguish their case from *In re Prempro*, and failed. Despite Defendants' attempt to create dissimilarity and distinguish the present case from all of the previous cases, the opposite is true. The present case is almost identical to *In re Prempro* and

5

the other pharmaceutical cases cited above, and, as in those cases, Plaintiffs' claims share common issues of fact and law.

The simple fact is that Plaintiffs' claims share numerous issues of fact and law in common. Plaintiffs allege ingestion of the same chemical to treat the same underlying condition. They all allege the same chemical caused the same biological mechanism of injury. They all allege similar injures. Finally, they all allege the same causes of action against the same Defendants in one body of operative facts and law. The documents eventually produced by Defendants during discovery used to pursue these claims will be the same. The witnesses used to prove research and development, labeling history, changes being effected, marketing, advertising, causation, and liability will be the same. In comparison, Plaintiffs' claims are more similar than those asserted in *In re Prempro* and therefore appropriate for joinder.

> 4. *Defendants concede that multi-state plaintiff cases in one forum are appropriate <u>and</u> have repeatedly noted these claims share a similar nexus while seeking to consolidate them in New Jersey state court and a Federal MDL Proceeding.*

Equally important, Merck recognizes that multi-state plaintiff actions are appropriate in both federal court <u>and</u> state court. Specifically, while Defendants here contend the claims are so dissimilar that their consolidation amounts to fraudulent joinder, in both New Jersey state court, and several federal courts, they took the exact opposite approach. For example, Defendants acknowledged the similarity of these types of claims by not opposing consolidation of 52 separate finasteride cases pending in New Jersey state court under New Jersey's version of an MDL proceeding. Exhibit G p.8 footnote 8 Furthermore, these same Defendants have not opposed a motion to consolidate all federal proceedings involving finasteride in New Jersey federal court.[3] Exhibit G  Merck's epiphany related to the similarity of these claims in not new.

---

[3] These actions have not been consolidated, but even if they had, the decision of whether to remand should be made by this Court. The Manual on Complex Litigation recommends that the transferor court resolve motions to remand

6

Nearly a year ago, in federal court in the Western District of Washington (and well before either the New Jersey consolidation or MDL Petitions were filed) Merck did not contest three individual plaintiffs' efforts to consolidate three separate cases under Rule 42 of the Federal Rule of Civil Procedure. Exhibit H

In fact, Defendants are asserting that this case is appropriate for consolidation in New Jersey. Doc. #9-1. It is logically inconsistent to say on the one hand the current Plaintiffs' claims are too dissimilar to be consolidated in state court in Missouri, yet on the other hand say that those same claims are similar enough to be consolidated in both state and federal court in New Jersey. The reason these positions seem logically inconsistent is because, in fact, they are. A claim is either fraudulently joined or it is not. If Merck "dissimilarity" had any merit, they would have sought to remove the non-New Jersey plaintiffs whose claims are pending in state court in New Jersey to federal court. Like the scores of courts who faced this exact same issue in other pharmaceutical cases, this Court ought to conclude the New Jersey plaintiffs were not "fraudulently" joined to Plaintiffs' Complaint and deny Merck's motion.

## **CONCLUSION**

Plaintiffs' claims share common questions of fact and law and joinder of those claims is proper. Therefore there is no diversity of parties to warrant federal jurisdiction. The law in the Eighth Circuit is clear on this issue and expedited proceedings are warranted to prevent unnecessary delay. The present case should be remanded back to the 22nd Judicial Circuit of the State of Missouri.

Plaintiff also requests costs, expenses, and attorney's fees against Defendants for improperly removing this case when it knew, as did their attorney, that there was no federal

---

as transferor courts are in a better position than the MDL Court to decide such motions. See Manual on Complex Litigation, Fourth Edition (2004) §20.131

question. Nevertheless, Plaintiff was forced to respond to Defendants' defective Notice of Removal and is entitled to reasonable attorney's fees and costs associated with this Motion under 28 U.S.C. Section 1447 (c).

Respectfully submitted,

/s/ Andrew S. Williams

Trent B. Miracle
Andrew S. Williams   #41947MO
**SIMMONS BROWDER GIANARIS ANGELIDES & BARNERD LLC**
One Court Street
Alton, IL 62002
Telephone:  618.259.2222
Facsimile:  618.269.2251
tmiracle@simmonsfirm.com
awilliams@simmonsfirm.com

and

Timothy J. Becker (MN# 256663)
Michael K. Johnson (MN# 258696)
JOHNSON BECKER, PLLC
33 South 6th Street, Suite 4530
Minneapolis, MN 55402
Phone: (612) 436-1800
Fax: (612) 436-1801
tbecker@johnsonbecker.com
mjohnson@johnsonbecker.com

**Counsel for Plaintiffs**

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on the 27th of March, 2012 the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification to all parties of record.

/s/ Andrew S. Williams